J. H. McADEN, Executor of R. Y. McADEN, v. R. T. NUTT et al.

*Practice—Injunction—Findings of Fact by Judge.*

1. In a motion by the defendant for an order for plaintiff to show cause why satisfaction of a judgment should not be entered, and for an injunction, the findings of fact by the Judge are conclusive.

2. Where, on the hearing of a motion for an injunction, etc., the defendant objected to the reading by the plaintiff of an affidavit by defendants' counsel, on the ground that it related to matters privileged between attorney and client, and the affidavit was withdrawn without being read, but after judgment refusing the motion and dissolving the injunction, the Judge asked to see the affidavit, and read it: *Held,* that no harm could result to defendants therefrom.

This was a motion by the defendants to have satisfaction
entered on the record of the judgment in the above entitled
cause, and for a restraining order and injunction, which
motion was heard before *Armfield, J.*, at his chambers in the
city of Charlotte, N. C., on the 13th day of June, 1893, that
being the return day of the order to show cause which had
been previously issued.

The motion of the defendants was heard upon affidavits of
the defendants Brower and Nutt, one Patterson and R. L.
Haymore, on the part of the plaintiff, and the affidavits of
the plaintiff J. H. McAden on his own behalf.   The affiant
R. T. Nutt stated in his affidavit that he had delivered to the
plaintiff J. H. McAden a bond given by a third party to him
(Nutt), the principal and interest of which now amounted
to about $1,200, the bond having been executed in 1882, and
that plaintiff McAden received the same in payment and
satisfaction of one half of the note upon which judgment was
rendered in this action.   This allegation was positively
denied by the plaintiff in his affidavits, and he further stated
and averred that the said bond was delivered to him and
received by him, not in payment or satisfaction of any part
of the said note, but as collateral security, and that under
the agreement entered into at the time of the delivery of said
note between him and Nutt, he was to collect what he could
on said bond, and apply the amount to the payment *pro
tanto* of said note.   He further stated that the bond for $1,200
was delivered to him prior to the term of the Court at which
judgment was rendered in this case.   The Judge before
whom this motion was made, after consideration of the said
affidavits and the argument of counsel, found the facts to be
as stated in the affidavits of the plaintiff McAden and above
set forth.   The said Judge thereupon refused to grant the
motion of the defendants, and to this ruling they excepted.
The said Judge also dissolved the restraining order hereto-
fore granted, and directed that plaintiff might proceed to

collect the balance due on the said judgment.   The counsel
for defendant asked the Court if the Court would not give
the defendants a trial by jury of the matters raised and dis-
puted by the affidavits by continuing the matter over to the
next term.   The Court declined to do this, and gave judg-
ment refusing the motion and dissolving the re-training
order.   At the hearing plaintiff's counsel remarked that
they had an affidavit of John E. Brown, Esq., who was
counsel for defendant Nutt when the judgment was taken,
corroborating the affidavit of plaintiff McAden, whereupon
the counsel for defendant Nutt objected to the introduction
of said affidavit of Brown, as it related to matters privileged
between attorney and client, and the counsel for plaintiff
withdrew Brown's affidavit, and it was not read to the Court
until after the Court had given the judgment.   The Court
then, as a matter of curiosity, asked what was in Brown's
affidavit, and it was then, after the judgment, read to the
Court; but it was not considered by the Court in giving
judgment, or any of its contents known until after judgment
was rendered; nor did the Court pass upon its competency
or incompetency.

The defendants excepted and appealed.

*Messrs. Walker & Cansler,* for plaintiff.

*Messrs. R. L. Haymore* and *A. E Holton,* for defendants
(appellants).

*Per Curiam:* We are unable to discover any error in the
ruling of the Court.   The case is too plain to admit of dis-
cussion.                              .                    Affirmed.